UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANKE GOEBEL, as the Natural Mother
and Legal Guardian of JOHN DOE, an Infant,

                                    Plaintiff,

                -against-                              .

WOW AIR ehf,

                                    Defendant.
----------------------------------------------------------x

**COMPLAINT &
JURY TRIAL DEMAND**

Index No.:

The Plaintiff, ANKE GOEBEL, as the Natural Mother and Legal Guardian of JOHN DOE

whose real identity has not been disclosed as he is an Infant, by her attorneys BOHRER &

LUKEMAN, as and for her complaint against Defendant, WOW AIR ehf, alleges the following

upon information and belief:

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar

as a federal question is presented pursuant to the Convention for the Unification of Certain Rules

for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that

Defendant has offices and transacts business within this judicial district.

3.      Plaintiff resides in San Francisco, California.

4.      Upon information and belief, Defendant WOW AIR ehf (hereinafter "WOW") is a

foreign corporation authorized to do business in the State of New York.

5.      Upon information and belief, Defendant WOW was and is a common carrier

engaged in the business of transporting passengers for hire by air.

6.      Upon information and belief, Defendant WOW employs a flight crew responsible

for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

7.      On April 18, 2017, Defendant WOW operated and controlled a certain aircraft, designated as WOW Flight WW161 (the "subject aircraft"), on a flight from Keflavik Iceland to San Francisco International Airport, (SFO) (the "subject flight").

8.      On April 18, 2017, Plaintiff and her infant were fare-paying passengers lawfully aboard the subject flight.

9.      On April 18, 2017, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant WOW.

10.      On April 18, 2017, Defendant WOW was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

11.      On April 18, 2017, Defendant WOW was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

12.      On April 18, 2017, while seated aboard the subject aircraft, Plaintiff's infant, JOHN DOE was injured as the result of an accident.

13.      Specifically, during the course of the subject flight, Plaintiff's infant, JOHN DOE was seated aboard the subject aircraft when he was injured as the result of contact with scalding hot liquid.

14.      Plaintiff's infant's injuries were the result of an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff's infant, and not by Plaintiff's infant's own internal reaction to the normal operation of the aircraft.

15.      As a result of said accident, Plaintiff's infant was injured.

16.     As a result of said accident, Plaintiff's infant was seriously injured.

17.     As a result of said accident, Plaintiff's infant was permanently injured.

18.     As a result of said accident, Plaintiff's infant suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

19.     As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

20.     As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment on behalf of her infant and in the future shall continue to expend money on same.

21.     As a result of said accident, Plaintiff's infant was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

22.     As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

23.     Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff's infant.

24.     Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff's infant were caused solely by the acts of third parties.

**WHEREFORE**, ANKE GOEBEL, as the Natural Mother and Legal Guardian of JOHN DOE, an Infant, demands judgment against Defendant WOW AIR ehf in an amount to be determined at trial, together with interest, costs and disbursements of this action.

<u>JURY DEMAND</u>

Plaintiff demands a jury of eight (8) persons for all claims stated.


Dated:   September 26, 2017


BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)
*Attorneys for Plaintiff*
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232